UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JERRY BLEDSON, et al.,

    Plaintiffs,

v.                                       CAUSE NO.: 2:19-CV-278-TLS-JPK

MICHAEL ZENK, et al.,

    Defendants.

**OPINION AND ORDER**

Jerry Bledson filed this case without a lawyer. Four other Plaintiffs also signed the Complaint [ECF No.1], although they did so on a separate page. It is unclear whether the other Plaintiffs understood that they were joining a federal lawsuit; that each Plaintiff would be separately representing himself since Bledson is not an attorney and cannot represent them; that they must each sign every future filing submitted to the court; and that they would each be required to pay the full filing fee without regard to how much any other Plaintiff paid. *See Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004) (A prisoner is required to pay the full filing fee "whether or not anyone else is a co-plaintiff.").

"[C]omplaints filed by multiple prisoners [can proceed] if the criteria of permissive joinder are satisfied." *Id*. In addition to the requirements listed in Federal Rule of Civil Procedure 20(a)(1), the Seventh Circuit has recognized that a district court also has discretion to consider "other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness [or would] create prejudice, expense or delay . . . ." *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001) (quotation marks and

citations omitted). Based on the facts of this case, joinder of the five unrepresented inmates is not appropriate.

None of the Plaintiffs are lawyers and none of them may represent any of the others. *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007); *Navin v. Park Ridge Sch. Dist.*, 270 F.3d 1147, 1149 (7th Cir. 2001); *Nowicki v. Ullsvik*, 69 F.3d 1320, 1325 (7th Cir. 1995). Because of this, each Plaintiff must read and sign every filing. *Smith v. Campbell*, 2007 WL 2471975, at *1 (N.D. Ind. Aug. 28, 2007). As explained, because of the way the Complaint was signed, it is unclear what each Plaintiff intended and understood. Moreover, gathering signatures at the beginning of a lawsuit is easier than at any other time. Inmates are constantly being released from custody, transferred to another facility, and relocated within a facility. Once convicted, an inmate can be relocated at any time without notice. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995).

If the Plaintiffs are no longer housed together in the same unit, it may be impossible to obtain each other's signatures. Federal Rule of Civil Procedure 5(a) requires all filings be served on every other party, including any plaintiff who did not sign it. This would impose an additional cost on the Plaintiffs. In addition, institutional rules prohibit inmates from corresponding within and between facilities for security reasons. *See Koger v. Bryan*, 523 F.3d 789, 800 (7th Cir. 2008) ("Concerns of security are to be given 'particular sensitivity.'") and *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986) (internal security is particularly a matter normally left to the discretion of jail administrators). If a Plaintiff does not comply with Rule 5, he is not only in violation of the Federal Rules, the other plaintiffs are left ignorant of the activity in the case.

These Plaintiffs are in a county jail where they may be pre-trial detainees, convicted prisoners, or a mixture of both. The legal standards for those classes of inmates are different. *See*

*Kingsley v. Hendrickson*, 135 S.Ct. 2466, 2473 (2015). Exhaustion of administrative remedies is required by 42 U.S.C. § 1997e(a). Each inmate must separately exhaust his own claims before filing suit. Therefore, it would be fundamentally unfair for this case to proceed with multiple Plaintiffs. However, pursuant to Federal Rule of Civil Procedure 21, "on its own, the court may at any time, on just terms, . . . drop a party." *Cf.* W*heeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) ("A district judge [can] solve the problem by severance (creating multiple suits that can be separately screened) . . . ."). Here, it is just as easy to open a separate case for each of these Plaintiffs. This resolves the problems discussed above. It allows for the efficient, individual determination of each Plaintiff's case. Yet, it does not preclude any Plaintiff from cooperating with any others to the extent he is able. Neither does it preclude future consolidation pursuant to Rule 42(a) if that is appropriate at any stage of the proceeding. Separate lawsuits will "secure the just, speedy, and inexpensive determination of [this] proceeding." Federal Rule of Civil Procedure 1.

For these reasons, the Court:

(1) DISMISSES Kervel Williams, Mario L. Hollins, Quinton Webb, and Edwon Bush;

(2) DIRECTS the clerk to open a separate case for Kervel Williams, Mario L. Hollins, Quinton Webb, and Edwon Bush with the complaint from this case [ECF No. 1]; and

(3) DIRECTS the clerk to directly assign these related, newly opened cases pursuant to N.D. Ind. L.R. 40-1(e).

ORDERED on August 13, 2019.

s/ Theresa L. Springmann<br>
CHIEF JUDGE THERESA L. SPRINGMANN<br>
UNITED STATES DISTRICT COURT