## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVSISION

| | |
|---|---|
| JERRY BLEDSON,<br>    Plaintiff,<br><br>        v.<br><br>MICHAEL ZENK, et al.,<br>    Defendants. | CAUSE NO. 2:19-CV-278-TLS-JPK |

### OPINION AND ORDER

Jerry Bledson, a prisoner without a lawyer, filed this lawsuit alleging that he has been subjected to deplorable conditions while housed at the Lake County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint,[1] Bledson alleges that, since he arrived at the Lake County Jail on June 26, 2019, he has been subjected to a variety of unsatisfactory conditions. The jail was overcrowded when he arrived, so he was forced to sleep on the floor for the first approximately 48-hours that he was at the jail. The showers are turned off 23 hours a day, and he therefore goes days without a shower. His housing unit is filthy, but he is not provided with cleaning supplies.

---

[1] Bledson has also filed a "Statement of Facts" containing additional assertions. Those facts are not considered here. Pursuant to Fed. R. Civ. P. 15(a)(1), he may amend his complaint as a matter of course, but N.D. Ind. L.R. 15-1 requires that he do so by "reproduc[ing] the entire pleading as amended" and prohibits "incorporat[ing] any prior pleading by reference." If Bledson wishes to amend his complaint, he needs to file a proposed amended complaint containing all of his allegations against of the defendants he is suing in this case.

There is mold. Because inmates are not allowed to return to their cells during the day, the showers are filled with urine and feces. He was not provided with socks, a t-shirt, or underwear upon arrival, and he was required to walk around without these items. As a result, he contracted a staph infection on his feet, and he could neither see a nurse nor receive medication without paying $15.[2] The ceiling is leaking in several areas of the dayroom, so there are always puddles. And, the ventilation system is "backed up," so there is no air circulating in the cells. It is unclear from the complaint whether Bledson was a pretrial detainee or is serving a sentence following conviction. Accordingly, the Court will assess Bledson's complaint under both the Fourteenth Amendment and the Eighth Amendment.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). "A pretrial condition can amount to punishment in two ways: first, if it is 'imposed for the purpose of punishment,' or second, if the condition 'is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment.'" *Id.* (quoting *Bell*, 441 U.S. at 538–39). A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir.

---

[2] The Constitution does not require free medical care. *Poole v. Isaacs*, 703 F.3d 1024, 1027 (7th Cir. 2012). The ledger submitted to the court with Bledson's *in forma pauperis* petition (ECF 2) does not suggest that he was unable to pay the $15.00. To the extent that Bledson is alleging that the nurse visit was not provided free of charge, he cannot state a claim.

2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id*. (citations omitted). Although "the Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), inmates are entitled to adequate food, clothing, shelter, bedding, hygiene materials, and sanitation, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006). On the subjective prong, the prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer*, 511 U.S. at 834. As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (finding that, where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

Here, giving Bledson the favorable inferences to which he is entitled at this stage of the proceedings, Bledson states a plausible claim against Sheriff Oscar Martinez in his official capacity for injunctive relief whether his allegations are considered under the Fourteenth Amendment or the Eighth Amendment. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). However, Bledson has not alleged that any of the defendants he has named in this lawsuit were personally involved in causing the alleged conditions. Thus, he cannot proceed against any of the defendants in their individual capacity for monetary damages.

Bledson also alleges that he cannot eat red meat, and he is not being provided with a diet free of red meat. He does not explain why he cannot eat red meat, and this vague allegation does not state a claim. Furthermore, it is unclear how this allegation is related to his allegations regarding the conditions of confinement, or even which of the defendants is responsible for denying him a diet free of red meat. "Unrelated claims against different defendants belong in different suits . . . ." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

For these reasons, the Court:

(1) GRANTS Jerry Bledson leave to proceed against Sheriff Oscar Martinez in his official capacity for injunctive relief to provide Jerry Bledson with sanitary living conditions, as required by the Eighth Amendment and Fourteenth Amendment;

(2) DISMISSES Warden Michael Zenk, Warden O'Connor;

(3) DISMISSES all other claims;

(4) DIRECTS the Clerk of Court to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Sheriff Oscar Martinez at the Lake County Sheriff's Department with a copy of this order and the complaint [ECF No. 1], pursuant to 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the Sheriff Oscar Martinez respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on April 2, 2020.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT