UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JERRY BLEDSON,<br>            Plaintiff,<br><br>                    v.<br><br>OSCAR MARTINEZ,<br>            Defendant. | CAUSE NO. 2:19-CV-278-TLS-JPK |

### STATUS REPORT ORDER

Pursuant to Federal Rule of Civil Procedure 26(f)(1) and 26(a)(1)(B)(iv), this case is exempt from exchanging initial disclosures and from filing a Report of the Parties' Planning Meeting. Nevertheless, pursuant to Fed. R. Civ. P. 16(b)(1) and Northern District of Indiana Local Rule 16-1(c), the Court must issue a Scheduling Order. Pursuant to Northern District of Indiana Local Rule 16-1(b), the Court therefore **ORDERS** Defense counsel and the unrepresented Plaintiff to prepare and file separate status reports (not exceeding three pages, unless greater length is unavoidable) that address the following:

1. what deadline should be set for joining parties and amending pleadings;

2. what discovery is planned;

3. what deadline should be set for completing discovery; and

4. what deadline should be set for filing dispositive motions.

Additionally, the Court must promptly address Defendant's affirmative defense that Plaintiff did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). (Answer at 2, ECF No. 19). The Seventh Circuit has explained "that exhaustion is … a preliminary issue for the court." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015). The Court must therefore set a deadline for Defendant to file a summary judgment motion addressing the exhaustion of administrative remedies issue. After resolving the question of exhaustion of administrative

remedies, the Court will review the parties' status reports and enter a Scheduling Order which may, pursuant to Fed. R. Civ. P. 16(b)(4), be modified only for good cause with leave of court.

For these reasons, the Court:

(1) **GRANTS** Defendant until **July 22, 2020** to file any summary judgment motion regarding exhaustion of administrative remedies;

(2) **CAUTIONS** Defendant that this affirmative defense will be waived if it is not raised in a summary judgment motion by the foregoing **July 22, 2020** deadline;

(3) **REMINDS** Defendant that Local Rule 56-1 requires: "A party seeking summary judgment against an unrepresented party must serve that party with the notice contained in Appendix C;" and

(4) **ORDERS** Defense counsel and the unrepresented Plaintiff to prepare and file separate, brief status reports by **July 22, 2020** addressing the items set out above.

SO ORDERED this 4th day of June, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT