UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JERRY BLEDSON,<br><br>   *Plaintiff,*<br>v.<br><br>SHERIFF OSCAR MARTINEZ,<br>in his Official Capacity,<br><br>   *Defendant.* | Case No.: 2:19-CV-278<br><br>District Judge: Theresa L. Springmann<br>Magistrate Judge: Joshua P. Kolar |

**STATUS REPORT BY DEFENDANT**

The Defendant, Sheriff Oscar Martinez, Jr., by counsel, John M. Kopack, pursuant to the Court's order [ DE 20] of June 4, 2020, files the following status report.

1. On August 5, 2019, Bledson filed a pro se Complaint [ DE 1] alleging various civil rights claims related to conditions in the Lake County Jail against Lake County Jail Warden Michael Zenk, Deputy Warden Kimberly O'Connor and Lake County Sheriff Oscar Martinez, Jr.

2. On April 2, 2020, the Court issued a screening order [DE 13] under 28 U.S.C. § 1915A of the Prison Litigation Reform Act that in relevant part:

   a. Granted Bledson leave to proceed against Sheriff Martinez in his official capacity for injunctive relief to provide Bledson with sanitary living conditions.

   b. Dismissed Warden Zenk and Deputy Warden O'Connor as defendants.

   c. Dismissed all other claims asserted by Bledson in his Complaint.

3. On April 7, 2020, Sheriff Martinez filed a notice of Waiver of Summons [DE 16].

4. On June 1, 2020, Sheriff Martinez timely filed his Answer [DE 19] and affirmative defenses to the claims permitted under the Court's screening order.

5. On June 4, 2020, the Court issued an order [DE 20] requiring the parties to separately file a status report on the following issues:

    a. What deadline should be set for joining parties and amending pleadings;

    b. What discovery is planned;

    c. What deadline should be set for completing discovery; and

    d. What deadline should be set for filing dispositive motions.

6. On June 15, 2020, Plaintiff filed a proposed Amended Complaint [DE 22] that is subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

7. On July 17, 2020, the Court entered an order [DE 24] suspending the deadline to file a motion for summary judgment on the exhaustion of administrative remedies pending the screening of Plaintiff's Amended Complaint.

8. Subject to and pending issuance of a screening order on Plaintiff's Amended Complaint, the Defendant recommends the following for consideration by the Court.

    a. <u>Deadlines to Join Additional Parties and Amend Pleadings</u>:

        i. Plaintiff: Thirty (30) days after the screening order is entered.

        ii. Defendant: Forty-Five (55) days after the screening order is entered.

    b. <u>Defendant's Intended Discovery</u> (*depending on the number and type of claims remaining after screening of the Amended Complaint*):

        i. Interrogatories to Plaintiff.

        ii. Request for Production to Plaintiff.

        iii. Request for Admissions to Plaintiff.

        iv. If deemed necessary by counsel, a Rule 30 oral deposition of Plaintiff or Rule 31 deposition by written questions.

    c.    <u>Deadlines to Complete Discovery</u>:

        i.    Fact Discovery: 180 days after entry of the screening order.

        ii.    Expert disclosures and reports: 120 days afer entry of the screening order.

        iii.    Expert Discovery: 240 days after entry of the screening order.

    d.    Deadline for filing Dispositive Motions:

        i.    90 days after entry of the screening order to file a dispositive motion concerning the sole issue of exhaustion of administrative remedies.

        ii.    90 days after the close of all discovery for the filing of all other dispositive motions.

Respectfully Submitted By:

/s/ John M. Kopack
John M. Kopack, # 5302-45
Kopack & Associates
P.O. Box 10607
Merrillville, IN 46411
Ph:   (219) 738-2978
Fax:  (219) 738-2818
Email: john@kopack-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on <u>July 22, 2020</u>, a true and accurate copy of the above pleading or document was served upon all counsel and parties of record via U.S. Mail, in envelopes properly addressed with sufficient first-class postage affixed and/or by electronic facsimile, email or the court's electronic case filing (ECF) system.

/s/ John M. Kopack
John M. Kopack, #5302-45

<u>Service List</u>:

Jerry Bledson, Pro Se (via U.S. Mail)
Lake County Jail
2293 N. Main Street
Crown Point, IN 46307