UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

JERRY BLEDSON,

    Plaintiff,

        v.                       CAUSE NO. 2:19-CV-278-TLS-JPK

OSCAR MARTINEZ,

    Defendant.

**OPINION AND ORDER**

Jerry Bledson, a prisoner without a lawyer, filed an amended complaint alleging that he has been subjected to deplorable conditions while housed at the Lake County Jail awaiting trial. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In his amended complaint, Bledson alleges that, since he arrived at the Lake County Jail on June 26, 2019, he has been subjected to a variety of unsatisfactory conditions. The jail was overcrowded when he arrived, so inmates were forced to sleep on the floor. Showers, toilets, and sinks regularly overflow due to backed up drains. The water pipes leak. There is mold. The HVAC system is not working. There are electrical problems leading to regular power outages. And, he receives insufficient clothing, bedding, hygiene, and sanitation supplies.

"[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment."[1] *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

Here, giving Bledson the favorable inferences to which he is entitled at this stage of the proceedings, Bledson states a plausible claim against Sheriff Oscar Martinez in his official capacity for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). However, Bledson has not alleged that Sheriff Martinez was personally involved in causing the alleged conditions. Section 1983 "liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. Thus, he cannot proceed against him in his individual capacity for monetary damages.

Bledson also alleges that he was attacked by another inmates on August 21, 2019. He was cut multiple times during the attack, but he did not receive medical care on the same day. Bledson alleges that he suffered a mental breakdown on the day of the attack and was placed on

---

[1] When Bledson filed his original complaint, it was unclear if he was a pretrial detainee or was serving a sentence following conviction. His amended complaint clarifies that he is awaiting trial. Accordingly, the Fourteenth Amendment applies.

suicide watch. While on suicide watch, he was forced to share a cell with another inmate that was also on suicide watch for twenty-four hours. Bledson does not allege that Sheriff Martinez was even aware of his injuries or his need for medical care, much less involved in delaying the receipt of care for these injuries. Likewise, Bledson does not allege that Sheriff Martinez directed that he be housed with another inmate while on suicide watch. Because Sheriff Martinez was not personally involved in these events, Bledson cannot proceed against him on these claims.

For these reasons, the court:

(1) GRANTS Jerry Bledson leave to proceed against Sheriff Oscar Martinez in his official capacity for injunctive relief to provide Jerry Bledson with sanitary living conditions, as required by the Fourteenth Amendment;

(2) DISMISSES all other claims; and

(3) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the Sheriff Oscar Martinez respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 28, 2021.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT